UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

Case No. 15-20010-3

Honorable Nancy G. Edmunds

v.

JEREMY LOCKETT,

    Defendant/Petitioner.

                                      /

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [107]**

Before the Court is Petitioner Jeremy Lockett's motion to correct sentence under 28 U.S.C. § 2255. (Dkt. no. 107, "Petitioner's Motion.") The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 2255, based on Petitioner's Rule 11 plea agreement entered in this Court on July 14, 2015. (Dkt. no. 39.) This Court is familiar with the previous proceedings, has reviewed the pleadings and supporting documentation, and Petitioner has suggested no evidence to support his motion. The motion, files and records of the case conclusively show that the Petitioner is entitled to no relief and the Court finds that an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). The Court has reviewed these pleadings and denies Petitioner's motion with prejudice.

**I.    Background Facts and Procedural History**

    On or about December 29, 2014, Jeremy Lockett and two other individuals
    entered a Dollar General store located in Dearborn, Michigan. Defendant
    Lockett knew his companion was armed with a pistol when they entered the

business and that the gun would be used to rob the store. The trio shopped for items and placed them on the counter for the cashier. Lockett's companion then brandished a firearm and announced a robbery. The cashier opened the cash register and backed away. Lockett and his companions took money and store property before fleeing the location. Dollar General is a national retailer which engages in business that affects interstate commerce.

(Rule 11 Plea Agreement 3, dkt. 39.)

On March 17, 2015, Petitioner was charged in a First Superseding Indictment with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), interference with commerce by robbery (Count 7), and with using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 8). (First Superseding Indictment, dkt. 23.) On July 14, 2015, Petitioner pleaded guilty to these counts, pursuant to a Rule 11 plea agreement. (Rule 11 Plea Agreement, dkt. no. 39.)

On October 26, 2015, the Court sentenced Petitioner to a total of 96 months: twelve months as to count 7, and 84 months as to count 8 to run consecutive to count 7. (Judgment, dkt. 80.) On July 15, 2016, Petitioner filed his motion to correct sentence under 28 U.S.C. § 2255. (Pet'r's Mot., dkt. 107.)

**II. Standard**

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**III. Analysis: *Johnson* Does Not Apply**

Petitioner moves to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2557. Petitioner was charged with and sentenced pursuant to section 924(c) for Hobbs Act Robbery; he argues that, following *Johnson*, his "conviction for Interference with Commerce by Robbery no longer qualifies as a 'crime of violence.'"[1] (Pet'r's Mot., dkt. 107.)

For purposes of 18 U.S.C. § 924(c), a "crime of violence" is defined as

> [A]n offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart A "is commonly referred to as the 'force' clause," and subpart B "is commonly referred to as the 'residual' clause." *United States v. Moore*, No. 15-20552, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016)

Petitioner's motion must fail where the offense, Hobbs Act robbery, is a crime of violence under the force clause of § 924(c), subpart A. Whether a crime is a "crime of

---

[1] Petitioner moved to stay this motion pending the United States Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The United States Sentencing Guideline "crime of violence" residual clause is identically worded to the residual clause that was found unconstitutionally vague in *Johnson* (§ 924(e)(2)(b)). The Supreme Court ruled in *Beckles* that the Federal Sentencing Guidelines are not subject to a challenge under the void-for-vagueness doctrine. *Id.* at 890. *Beckles* does not offer Petitioner the relief he seeks. This Court found Petitioner's motion to stay moot after *Beckles* was decided. (Text Only Order July 31, 2017.)

3

violence" is determined by "looking to the statutory definition of the crime, rather than to the evidence presented to prove it." *United States v. Taylor*, 176 F.3d 331, 337 (6th Cir. 1999). Under the Hobbs Act, robbery is defined as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Multiple courts, including this one, have held that "Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c)(3)(A), not the residual clause." *See e.g., Washington v. United States*, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016); *Byrd v. United States*, 1:16-cv-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (noting that even if *Johnson's* reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c)). The Sixth Circuit recently joined a number of other circuits with its decision in *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), when it found that "Hobbs Act robbery constitutes a crime of violence."[2] *Id.* at 292.

Even if subpart B, the residual clause, were relied upon to establish that Hobbs Act

---

[2] The Sixth Circuit concluded that 18 U.S.C. § 1951 (Hobbs Act) is "a divisible statute setting out separate crimes of Hobbs Act robbery and Hobbs Act extortion." *Gooch,* 850 F.3d at 291. The Sixth Circuit looked to the indictment and jury instructions to "determine whether the conviction necessarily depended on the commission of a crime of violence." *Id.* In both, the reference was to Hobbs Act "robbery." *Id.* Like *Gooch*, Petitioner's indictment, plea and judgment in this instance refer to robbery pursuant to 18 U.S.C. § 1951. (First Superceding Indictment, Counts 7, 8, dkt. 23; Rule 11 Plea Agreement 1.B, .C, dkt. 39; Judgment, dkt. 80.)

robbery is a crime of violence, the Sixth Circuit has already determined that *Johnson* does not affect section 924(c)(3)(B)'s definition of crime of violence. *See U.S. v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (recognizing that "[t]here are significant differences making the definition of "crime of violence" in § 924(c)(3)(B) narrower than the definition of "violent felony" in the ACCA residual clause"); *see also United States v. Taylor*, 176 F.3d 331, 337-38 (6th Cir. 1999) ("a conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c).") Petitioner's motion to vacate his sentence on the basis of *Johnson* is denied.

**IV.    Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11 – Rules Governing § 2255 Proceedings.

A certificate of appealability must issue before an appeal may be taken to the court of appeals from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are "adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For the reasons set forth herein, the Court DENIES WITH PREJUDICE Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and DENIES Petitioner a certificate of appealability.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 20, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record and Petitioner on September 20, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager