UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY ROOSEVELT LOCKETT,

    Defendant.

_____/

Case No. 15-cv-20010

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [162]**

Defendant Jeremy Roosevelt Lockett is currently in the custody of the Federal Bureau of Prisons (FBOP) at Victorville. (ECF no. 162.) Pending before the Court is Defendant's motion requesting release from prison due to the COVID-19 pandemic. (ECF no. 162.) The Court treats Defendant's request as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government filed a response. (ECF nos. 164.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it

>   finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction;
>   . . .
>   ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

Defendant submitted an administrative remedies request at the prison dated July 16, 2020, received by the prison administration on July 30, 2020. (Gov't's Resp. Ex. 1, ECF 164-1.) Defendant filed his motion with this Court on July 14, 2020, prior to the date on his request to the prison and prior to the prison's July 30, 2020 date of receipt. The government argues that Defendant's motion should be denied because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A). The administrative exhaustion requirement is mandatory and not subject to judge-made exceptions. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Despite being mandatory, the Sixth Circuit found that this requirement does not bear on the Court's jurisdiction. *See id.* at 833. Thus, as a non-jurisdictional claim processing rule, it "must be enforced" when "properly invoked" but can be forfeited or waived by the parties in a particular proceeding. *Id.* at 834. Here, the government properly invoked Defendant's failure to exhaust his administrative remedies– he filed his motion with this Court prior to the prison's receipt of his request. The Court denies his motion without prejudice.

Even if the Court were to consider Defendant's motion on the merits, there are no extraordinary and compelling reasons to grant him compassionate release. Defendant

argues generally that he is in fear for his life while being away from his family and concerned about his health and the possibility of catching the coronavirus, and he also fears losing his mother to the virus due to his mother's health conditions. The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." *See* U.S.S.G. § 1B1.13, commentary n.1. Defendant has not alleged medical conditions of his own, nor the family circumstances under which compassionate release may be granted. *See* U.S.S.G. § 1B1.13, commentary n.1. Nor has Defendant provided any evidence to support circumstances that could be considered extraordinary and compelling. *See generally United States v. Lotts*, 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied compassionate release motion where the defendant did not provide evidence from which the court could "make an informed evaluation"). Defendant fails to show that these are extraordinary and compelling reasons, even when considered under the current circumstances, to grant compassionate release.[1]

---

[1] If the Court had determined that Defendant was eligible for sentence reduction based on "extraordinary and compelling reasons," the Court would be required to consider the factors in 18 U.S.C. § 3553(a) prior to granting a motion for compassionate release. Those factors include the nature and circumstances of the offense, defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public. *See* 18 U.S.C. § 3553(a). The Court need not reach these factors where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons for modification of his sentence.

### III. CONCLUSION

Defendant's motion (ECF no. 162) is DENIED without prejudice.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: August 31, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2020, by electronic and/or ordinary mail.

                                       s/Lisa Bartlett
                                       Case Manager